UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Clint Brayton
Shanon Carson (via telephone)

Attorneys Present for Defendants:

John Battenfeld

**Proceedings:** **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** (filed 05/22/09)

**PLAINTIFF'S MOTION FOR TELEPHONIC SCHEDULING CONFERENCE** (filed 05/22/09)

**I. INTRODUCTION**

On August 14, 2008, plaintiff Ryan DeLodder filed the instant class action complaint in Los Angeles County Superior Court against defendants Allegis Group, Inc. ("Allegis"); Aerotek, Inc. ("Aerotek"); and Does 1 through 20, alleging claims for (1) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; (2) unpaid overtime and benefits in violation of Cal. Labor Code §§ 1194 and 1194.2. On September 16, 2008, defendants Allegis and Aerotek removed this action to this Court on the basis of the Class Action Fairness Act of 2005, 28 U.S.C. § 1453.

On September 23, 2008, defendants Allegis and Aerotek filed a motion to dismiss Allegis as a defendant and to strike portions of the complaint. These motions were resolved by stipulation with the parties agreeing to dismiss Allegis without prejudice and to strike plaintiff's request for injunctive relief from the complaint. On April 22, 2009, plaintiff retained the law firms of Berger & Montague, P.C. ("Berger Montague") and Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace") to represent him and the putative class. Plaintiff contends that shortly thereafter Ricardo Marques, an employee of defendant who held the position of Customer Service Associate, retained the same firms to represent him in his claims against Aerotek. Plaintiff asserts that Berger Montague and Schneider Wallace conducted an investigation and (1) identified additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

claims that would provide further relief to plaintiff and the putative class and (2) determined that Marques's claims are sufficiently related to plaintiff's such that joining Marques as a named plaintiff would promote judicial efficiency and economy.

On May 22, 2009, plaintiff filed the instant motions for leave to file a first amended complaint ("FAC") and for a telephonic scheduling conference. On June 1, 2009, defendant Aerotek filed its oppositions. On June 8, 2009, plaintiff filed his reply. A hearing was held on June 15, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff was employed by defendant as a Recruiter Trainee and then a Recruiter from March 2007 to March 2008. Plaintiff brings this action on behalf of himself and those employed by defendant as Recruiter Trainees, Recruiters, and Recruiter Account Managers. Plaintiff alleges that during the entire term of his employment, he was misclassified as an "exempt employee." Plaintiff further alleges that he was paid a salary based upon an hourly rate and an eight hour workday "although he worked 7:30-5:30, through lunch, and before and after hours at work functions." Plaintiff alleges that he was not paid wages and/or overtime for his work that "consistently and regularly exceeded eight (8) hours in a given day and more than forty (40) hours in a given week."

## III. LEGAL STANDARD

Amendment of pleadings is governed by Fed. R. Civ. P. 15, which provides in pertinent part as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). Four factors are relevant to the determination of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Although "[s]ome courts have stressed prejudice to the opposing party as the key factor . . .[u]ndue delay is a valid reason for denying leave to amend." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### IV. DISCUSSION

#### A. Plaintiff's Motion for Leave to File a FAC

Plaintiff seeks to amend his complaint to (1) add Ricardo Marquez as a class representative; (2) add an additional class of Aerotek customer service employees; and (3) add additional claims for unpaid straight time wages pursuant to California Labor Code § 204, failure to provide meal and rest periods pursuant to California Labor Code §§ 226.7 and 512, and waiting time penalties pursuant to California Labor Code § 203. Mot. at 2. Plaintiff argues that his proposed amendments will not prejudice defendants because no discovery has taken place and the parties submitted their Rule 26(f) report less than four months ago. Id. Therefore, plaintiff argues, defendant will have a full opportunity to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

engage in discovery on plaintiff's additional claims. Id.

    Plaintiff further argues that his proposed amendments are not made in bad faith. Mot. at 5. Plaintiff contends that he seeks to amend in order to better represent the interests of the putative class and to add Marques as a named plaintiff in the interests of judicial efficiency and economy. Id. at 6. Plaintiff further contends that his proposed amendments are not futile.

    Moreover, plaintiff argues that the Court should determine that the claims of the additional putative class members relate back to the filing date of the original complaint. Mot. at 7. Plaintiff argues that the claims in the FAC and the original complaint both concern defendant's policy of "denying overtime, straight time, and meal and rest periods to its Recruiter Trainees, Recruiters, Recruiter Account Managers, and Customer Service Associates." Id. at 8.

    Defendant responds that prior to filing this action, plaintiff and other named plaintiffs filed a collective action against defendant in the United States District Court for the Southern District of New York on July 24, 2008, Andrade v. Aerotek, Inc., Civ. Action No. 1:08-cv-02668-CCB. In the Andrade action, plaintiffs seek to certify a nationwide collective action of thousands of defendant's Recruiter Trainees, Recruiters, and Account Recruiting Managers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendant argues that both this case and the Andrade case are premised on the allegation that defendant's employees were misclassified as exempt from overtime laws. Mot. at 2. Defendant further argues that the parties have engaged in extensive discovery in the Andrade action, including responses to interrogatories, production of documents, and depositions of the named plaintiffs, including DeLodder. Id. at 3.

    Defendant argues that plaintiff's deposition testimony in the Andrade action demonstrates that plaintiff's proposed amendments would be futile. Defendant contends that plaintiff testified that (1) he tried to be accurate about recording his time and never told anyone his time sheets were inaccurate; (2) he was paid for all 113.4 hours of overtime recorded on his time sheets; (3) the only time he "believed" he was told by defendant not to record was for voluntary "network type functions" where he was "just getting out in the community"; (4) when he was a Recruiter Trainee, he recorded time spent taking contractors out to lunch as working time; and (5) when he was a Recruiter, he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

either took candidates out to lunch or went out to lunch with coworkers three or four times a week. Opp'n at 4. Defendant argues that this deposition testimony contradicts plaintiff's allegations in the FAC that "[d]uring his employment as a Recruiter Trainee, Mr. DeLodder was required to work off the clock and during his meal and rest breaks." Id. at 8 (citing FAC ¶ 7). Defendant further argues that plaintiff certified each week in his signed timesheets that he "was offered and received [his] required breaks and meal periods during this pay period." Id. at 11

Defendant further argues that plaintiff's requests for injunctive relief are futile because (1) plaintiff has already stipulated to strike injunctive relief allegations from the original complaint and (2) neither plaintiff nor Marques have standing to bring a claim for injunctive relief because neither currently has a relationship with defendant. Opp'n at 12-13.

Moreover, defendant argues that it will be prejudiced if the proposed amendments are granted. Opp'n at 13. Defendant asserts that plaintiff's motion for class certification is due on June 30, 2009, and defendant's opposition is due on July 30, 2009. Id. Defendant argues that if plaintiff is allowed to amend his complaint less than one month before his motion for class certification is due, defendant "will be forced to undertake a costly additional investigation and discovery in a short matter of time before its opposition . . . is due." Id. Defendant further argues that plaintiff's attempt to expand this litigation will prejudice defendant. Id. at 14. Defendant contends that the parties have been conducting discovery in the Andrade action with the expectation that this discovery will also address the claims in this action. Id. Defendant argues that allowing the proposed amendments would force defendant to perform a new investigation of the additional claims and the additional proposed class. Id. (citing Block v. First Blood Assocs., 988 F.2d 344, 350-51 (2d Cir. 1993)).

Defendant further argues that the proposed amendments do not relate back to the original complaint. Opp'n at 15. Defendant contends that plaintiff's proposed FAC does not arise out of the same transaction or occurrence as the original complaint. Id. Defendant argues that the original complaint only alleged claims based on the alleged misclassification of Recruiter Trainees, Recruiters, and Account Recruiting Managers. Id. at 16. By contrast, defendant argues, that the proposed FAC (1) seeks completely new and different relief; (2) adds claims based on different sections of the California Labor Code; (3) seeks to add a wholly new class of Customer Service Representatives; and (4) alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

and is based on completely new facts. Id. at 16.

Plaintiff responds that defendant is asking the Court to treat this as a motion for summary judgment based on a "one-sided, skimpy factual record." Reply at 5. Plaintiff argues that discovery has not occurred and the Court cannot rely on selected deposition testimony from an entirely different matter. Id. Plaintiff contends that the Andrade case involves claims under the Fair Labor Standards Act, while this case involves only California law and California parties. Id. at 2. Plaintiff further argues that Andrade also testified at his deposition that (1) it was Aerotek's unwritten rule that employees were to "come in early and set up and do whatever [they] need to do to prepare [for the] day and stick around until work is completed no matter [what]"; (2) employees were asked to come in before 8 am and were told to stay past 5 pm; (3) Andrade routinely worked from home and on Saturdays; and (4) Andrade was not compensated for overtime he worked as a recruiter. Id. at 6-7.

Plaintiff further argues that the proposed amendments relate back to the original complaint. Reply at 9-10. Plaintiff contends that the proposed FAC and the original complaint share the same core operative facts: defendant's general polices and practices with regard to overtime, timekeeping, and rest breaks for its employees. Id. at 10.

The Court concludes that plaintiff's motion for leave to file a FAC should be granted. Defendant has failed to demonstrate sufficient prejudice given that no discovery has taken place since the parties submitted their Rule 26(f) report. Texaco, 939 F.2d at 798. Furthermore, defendant has failed to demonstrate that the proposed amendments are futile based on excerpts of deposition testimony from an entirely different case. Moreover, plaintiff's request for injunctive relief is not futile merely because plaintiff agreed to strike its request for injunctive relief from the original complaint without prejudice.

The Court further concludes that plaintiff's proposed amendments relate back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c). "[T]he purpose of Rule 15(c) is to defeat the bar of statutes of limitations, and is liberally applied especially if no disadvantage will accrue to the opposing party." Rural Fire Protection Co. v. Hepp, 366 F.2d 355, 362 (9th Cir. 1966). This rule is "to be liberally construed" and the "principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party 'by the general fact situation alleged in the original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

pleading.'" Union Carbide Corp. v. Montell N.V., 944 F. Supp. 1119, 1140 (S.D.N.Y. 1996). Defendant was put on notice by the original complaint that it would have to defend against claims concerning its policies and practices with regard to overtime, timekeeping, and rest breaks. Plaintiff's additional claims relate to these practices and the class of plaintiffs that plaintiff seeks to add were affected by these practices. Therefore, plaintiff's amendments relate back to the filing of the original complaint. See In re Glacier Bay, 746 F. Supp. 1379, 1379 (D. Alaska 1990) ("The addition of new plaintiffs who are similarly situated to the original plaintiffs does not cause defendants any prejudice except that defendants incur the potential for increase liability"); see also Issen v. GSC Enterprises, Inc. 538 F. Supp. 745, 749 (N.D. Ill. 1982).

### B. Plaintiff's Motion for a Telephonic Scheduling Conference

Plaintiff requests a telephonic scheduling conference to discuss "scheduling issues, taking into account Plaintiff's change in counsel, the state of discovery concerning class issues as of the time new counsel entered their appearances, and Plaintiff's forthcoming motion for leave to amend his Complaint and proposed Amended Complaint." Mot. at 5.

Defendant responds that plaintiff's request for an extension of deadlines should be denied because plaintiff has not met the "diligence" requirement under Fed. R. Civ. P. 16 and the addition of co-counsel is not good cause to extend the dates in the scheduling order. Id. at 4.

The Court shall set a telephonic scheduling conference at the hearing to discuss any scheduling issues.

### V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiff's motion for leave to file a first amended complaint and to set a telephonic status conference.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | June 15, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

|  |  | 00 | : | 08 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |