Todd M. Schneider (State Bar #158253)
tschneider@schneiderwallace.com
Clint J. Brayton (State Bar # 192214)
cbrayton@schneiderwallace.com
Andrew P. Lee (State Bar # 245903)
alee@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY
LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TDD: (415) 421-1655

Merrill G. Davidoff
(*Pro Hac Vice application pending*)
mdavidoff@bm.net
Russell D. Henkin
(*Pro Hac Vice application pending*)
rhenkin@bm.net
Shanon J. Carson
(*Pro Hac Vice application pending*)
scarson@bm.net
Ellen T. Noteware
(*Pro Hac Vice application pending*)
enoteware@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-4656
Facsimile: (215) 875 4604

Steven Bennett Blau
(*Pro Hac Vice admission granted*)
sblau@bbpc-law.com
Jason Brown
(*Pro Hac Vice admission granted*)
jasontbrown@bbpc-law.com
Shelly A. Leonard
(*Pro Hac Vice admission granted*)
sleonard@bbpc-law.com
BLAU BROWN & LEONARD LLC
54 West 21st Street, Suite 1009
New York, NewYork 10010
Telephone:  212-725-7272
Facsimile: 212-488-4848

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DELODDER and RICARDO MARQUES, individually and on behalf of all those similarly situated,<br><br>                Plaintiffs,<br>        v.<br><br>AEROTEK, INC. and DOES 1-10,<br><br>                Defendants. | Case No. 2:08-cv-06044-CAS-AGR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND WAGE ORDERS, AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq*.**<br><br>**DEMAND FOR A JURY TRIAL**<br><br>**CLASS ACTION** |

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Plaintiffs Ryan DeLodder and Ricardo Marques ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys of record, complain and allege as follows:

## INTRODUCTION

1.      This is a class action against Defendant Aerotek, Inc. ("Aerotek") to challenge:  a) Aerotek's policy and practice of intentionally and knowingly requiring its non-exempt Customer Service Associates and Recruiter Trainees to work substantial amounts of time "off the clock" and without pay, and failing to provide these non-exempt employees with the meal and rest periods to which they are entitled by law; and b) Aerotek's policy and practice of intentionally and knowingly misclassifying its Recruiters and Recruiter Account Managers as exempt employees and therefore depriving them of overtime wages owed under the law, as well as the meal and rest periods to which they are entitled by law.

2.      In addition, Aerotek has failed to pay its Customer Service Associates, Recruiter Trainees, Recruiters, and Recruiter Account Managers all wages due upon the end of their employment.

3.      Aerotek provides technical, professional and industrial staffing services throughout the United States.  It operates a network of more than 150 non-franchised offices throughout the United States, including approximately 20 non-franchised offices in the State of California.

4.      Aerotek's misconduct described has been willful and is not the result of any good faith contest or dispute.  Aerotek's pattern and practice of conduct as alleged herein pervades its corporate culture, and the claims of the Plaintiffs and the class are not isolated but rather evidence of a long-standing and broad-sweeping scheme to have non-exempt employees work "off the clock" and misclassify other workers as exempt in order to deny Plaintiffs and the class their overtime wages and other benefits of employment within the meaning of the California law and regulations, including Labor Code §§ 1194 and 1194.2, and § 218, *et seq.*

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek  Inc.,*, Case No.: CV08-06044 CAS (AGRx)

5.      In addition, Aerotek's Customer Service Associates, Recruiter Trainees, Recruiters, and Recruiter Account Managers are denied off-duty meal and rest periods.  Despite the fact that these employees have consistently been denied their lawfully entitled meal and rest periods, Aerotek has not offered to pay its Customer Service Associates, Recruiter Trainees, Recruiters and Recruiter Account Managers an hour of pay for any missed meal or rest period.

6.      As a result of the above violations, Aerotek is also liable for various other penalties under the Labor Code, and for violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq.*  Plaintiffs seek full compensation on behalf of themselves and all others similarly situated for all unpaid overtime and wages, denied meal and rest periods, as well as waiting time penalties. Plaintiffs further seek penalties on behalf of themselves and the proposed class for Aerotek's violations of the Labor Code and California Industrial Welfare Commission ("IWC") Wage Orders.  Plaintiffs also seek declaratory and injunctive relief, including restitution.  Finally, Plaintiffs seek reasonable attorneys' fees and costs under Labor Code §§ 218.5, 226(e), and 1194, and Code of Civil Procedure § 1021.5, as well as any further relief the Court deems appropriate.

## **PARTIES**

7.      From approximately March 2007 to March 2008, Plaintiff Ryan DeLodder was employed by Defendant as a Recruiter Trainee and then as a Recruiter at Defendant's place of business located at Rio Bonito Way, Suite 160, San Diego, CA 92108.  During his employment, Plaintiff made telephone calls to potential employment candidates and employers, arranged submissions of potential employees for consideration, communicated with employment candidates, answered phones, and did computer entry and related tasks.  During his employment as a Recruiter Trainee, Mr. Delodder was required to work off the clock and during his meal and rest breaks.  During his employment as a Recruiter, Mr. DeLodder was misclassified as an exempt employee.  As a Recruiter, Mr. DeLodder was paid a

1    salary based upon an hourly rate and an eight-hour workday, although he worked

2    from approximately 7:30 a.m. through 5:30 p.m., through lunch, and before and after

3    hours.  Mr. DeLodder was not paid wages and/or overtime for those hours of work

4    which consistently and regularly exceeded eight (8) hours in a given day and more

5    than forty (40) hours in a given week.

6        8.    From approximately January 2007 to February 2009, Plaintiff Ricardo

7    Marques was employed by Defendant at Defendant's place of business located at

8    8558 Balboa Boulevard, #234, Northridge, California.  From approximately January

9    2007 to April 2007, Mr. Marques held the position of Customer Service Associate, a

10   non-exempt position.  During his employment as a Customer Service Associate, Mr.

11   Marques was required to work off-the-clock and during his meal and rest breaks.

12   From approximately April 2007 to December 2007, Mr. Marques held the position

13   of Sourcing Specialist, a non-exempt position.  During his employment as a

14   Sourcing Specialist, Mr. Marques was required to work off the clock and during his

15   meal and rest breaks.  From approximately January 2008 to February 2009, Mr.

16   Marques held the position of Recruiter Trainee (a non-exempt position) and then

17   Recruiter.  During his employment in these positions, Plaintiff made telephone calls

18   to potential employment candidates and employers, arranged submissions of

19   potential employees for consideration, communicated with employment candidates,

20   answered phones, and did computer entry and related tasks.  During his employment

21   as a Recruiter, Mr. Marques was misclassified as an exempt employee.  As a

22   Recruiter, Mr. Marques was paid a salary based upon an hourly rate and an eight-

23   hour workday, although he worked from approximately 7:30 a.m. through 5:30 p.m.;

24   through lunch; and before and after hours.  Mr. Marques was not paid wages and/or

25   overtime for those hours of work which consistently and regularly exceeded eight

26   (8) hours in a given day and more than forty (40) hours in a given week.

27       9.    Defendant Aerotek provides technical, professional and industrial

28   staffing services in the United States.  It operates a network of more than 150 non-

franchised offices throughout the United States, including approximately 20 non-franchised offices in the State of California.  Aerotek reported $2.7 billion in revenue in 2007.

10.     Plaintiffs bring this action as a class action.  In this regard, Plaintiffs act not only as individual employees of Aerotek but on behalf of all similarly situated employees of Aerotek within the State of California, each of whom is more particularly described in the class definitions set forth below.

11.     At all relevant times, Aerotek has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed class members in this judicial district and across the State of California.  Aerotek is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Aerotek is also an "employer" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

12.     Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1-10, and therefore sue these Defendants by fictitious names. Plaintiffs will amend their complaint to state the true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiffs' damages as hereinafter set forth were proximately caused by said Defendants.

13.     Plaintiffs are informed and believe and thereon allege that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiffs as alleged herein.

14.     At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

15.     Throughout this Complaint, any reference to "Aerotek" is intended to refer to all Defendants jointly.

## JURISDICTION

16.     Defendant removed this action from the Superior Court of California, County of Los Angeles, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C §§ 1332(d), 1453, and 1711-1715.

## VENUE

17.     Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because the county in which the removed action was originally brought is within this District.  A substantial part of the events or omissions giving rise to the claims stated herein arose within this District, and a substantial number of the members of the classes alleged herein work or worked for Defendant in facilities and operations maintained by Defendant within this District and within the division and courthouse to which this action has been assigned.

## FACTUAL ALLEGATIONS

18.     Defendant Aerotek's policies and practices complained of herein, including the failure to pay wages and overtime compensation, the denial of meal and rest periods, and the failure to pay wages upon the termination of employment, at all relevant times have been substantially similar, if not identical, throughout the different Aerotek locations in California.

19.     Aerotek's policy and practice of intentionally and knowingly requiring its non-exempt Customer Service Associates and Recruiter Trainees to work substantial amounts of time "off the clock" and without pay, and failing to provide these non-exempt employees with the meal and rest periods to which they are entitled by law, is in violation of Labor Code § 510 and the applicable IWC wage

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1   orders.

2       20.     Aerotek's policy and practice of intentionally and knowingly

3   misclassifying its Recruiters and Recruiter Account Managers as exempt employees

4   and therefore depriving them of overtime wages owed under the law, as well as the

5   meal and rest periods to which they are entitled by law, is in violation of Labor Code

6   § 510 and the applicable IWC wage orders.   Aerotek's Recruiters and Recruiter

7   Account Managers are not exempt from California's overtime laws.   They have no

8   discretion in making company policy, and they do not exercise the requisite

9   discretion and independent judgment in the discharge of their duties.

10      21.     Aerotek's Customer Service Associates, Recruiter Trainees, Recruiters,

11  and Recruiter Account Managers are regularly denied off-duty meal and rest

12  periods.   They are frequently forced to eat while working, often have to skip their

13  meal periods altogether, and rarely have a chance to take a rest break.   This is in

14  violation of Labor Code §§ 226.7, 512 and the IWC wage orders.

15      22.     Aerotek's so-called Recruiter Account Managers perform the same or

16  similar duties as Recruiters.

17      23.     Aerotek has also failed to pay wages due and owing promptly upon the

18  end of employment of those Customer Service Associates, Recruiter Trainees,

19  Recruiters, and Recruiter Account Managers who have left their employment within

20  the statutory period, in violation of Labor Code §§ 201-203, as a result of Aerotek's

21  failure to pay wages and overtime wages, and its failure to properly compensate its

22  Customer Service Associates, Recruiter Trainees, Recruiters, and Recruiter Account

23  Managers for the meal and rest periods they are denied.

24      24.     Aerotek's unlawful conduct has been widespread, repeated, and willful

25  throughout its California locations.   Aerotek knew or should have known that its

26  policies and practices have been unlawful and unfair.

27                          **CLASS ALLEGATIONS**

28      25.     Plaintiffs seek to maintain this action and each cause of action thereof as

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and on behalf of a group of similarly situated persons.  Plaintiffs seek to certify the following three classes:

> All persons who have been employed in the State of California by Defendants from August 14, 2004 through the present as non-exempt Customer Service Associates (the "CSA Class");

> All persons who have been employed in the State of California by Defendants from August 14, 2004 through the present as non-exempt Recruiter Trainees (the "Recruiter Trainee Class"); and

> All persons who have been employed in the State of California by Defendants from August 14, 2004 through the present as Recruiters or Recruiter Account Managers (the "Misclassification Class").

26.     This action has been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, because there is a well-defined community of interest in the litigation and the proposed classes are both easily ascertainable.

27.     The potential members of the CSA Class, Recruiter Trainee Class and Misclassification Class are each believed to exceed 200 members, and are each so numerous that joinder of all the members of each class is impracticable.

28.     Plaintiff Marques seeks to serve as a Class Representative for all three classes defined above.  Plaintiff Delodder seeks to serve as a Class Representative for the Recruiter Trainee Class and the Misclassification Class.

29.     With respect to the CSA Class and Recruiter Trainee Class, there are questions of law and fact common to Plaintiff Marques and the classes defined above that predominate over any questions affecting only individual members of each class.  These common questions of law and fact include, without limitation:

> a. Whether Aerotek, through its policy of requiring its non-exempt Customer Service Associates and Recruiter Trainees to perform substantial work off the clock, fails to pay class members all of the

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

wages they are owed in violation of the California Labor Code;

b.  Whether Aerotek, through its policy of requiring its non-exempt Customer Service Associates and Recruiter Trainees to perform substantial work off the clock, fails to pay class members all of the overtime wages they are owed in violation of the California Labor Code;

c.  Whether Aerotek, through its policy of requiring its non-exempt Customer Service Associates and Recruiter Trainees to perform substantial work off the clock, fails to pay class members all of the overtime wages they are owed in violation of Business and Professions Code § 17200 *et seq.*;

d.  Whether Aerotek, through its policy of requiring its non-exempt Customer Service Associates and Recruiter Trainees to perform substantial work off the clock, fails to provide class members with the meal periods to which they are entitled in violation of the California Labor Code;

e.  Whether Aerotek, through its policy of requiring its non-exempt Customer Service Associates and Recruiter Trainees to perform substantial work off the clock, fails to provide class members with the meal periods to which they are entitled in violation of Business and Professions Code § 17200 *et seq.*;

f.  Whether Aerotek, through its policy of requiring its non-exempt Customer Service Associates and Recruiter Trainees to perform substantial work off the clock, fails to provide class members with the rest periods to which they are entitled in violation of the California Labor Code;

g.  Whether Aerotek, through its policy of requiring its non-exempt production-line employees to perform substantial work off the clock,

fails to provide class members with the rest periods to which they are entitled in violation of Business and Professions Code § 17200 *et seq.*;

h. Whether Aerotek's systemic failure to provide members of the CSA Class and Recruiter Trainee Class with off-duty meal periods violates the California Labor Code and IWC wage orders;

i. Whether Aerotek's systemic failure to provide members of the CSA Class and Recruiter Trainee Class with off-duty meal periods has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

j. Whether Aerotek's policy and practice of failing to pay members of the CSA Class and Recruiter Trainee Class with all wages due upon the end of their employment violates the California Labor Code;

k. Whether Aerotek's policy and practice of failing to pay members of the CSA Class and Recruiter Trainee Class with all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*; and

l. The proper formula for calculating restitution, damages and penalties owed to members of the CSA Class and Recruiter Trainee Class.

30. With respect to the Misclassification Class, there are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a. Whether Aerotek's policy of misclassifying its Recruiters and Recruiter Account Managers as exempt from overtime compensation violates the California Labor Code;

b. Whether Aerotek's policy of misclassifying its Recruiters and

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

9
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek  Inc.,*, Case No.: CV08-06044 CAS (AGRx)

Recruiter Account Managers as exempt from overtime compensation has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

c.   Whether Aerotek, through its policy of misclassifying its Recruiters and Recruiter Account Managers, fails to provide class members with the meal periods to which they are entitled in violation of the California Labor Code;

d.   Whether Aerotek, through its policy of misclassifying its Recruiters and Recruiter Account Managers, fails to provide class members with the meal periods to which they are entitled in violation of Business and Professions Code § 17200 *et seq.*;

e.   Whether Aerotek, through its policy of misclassifying its Recruiters and Recruiter Account Managers, fails to provide class members with the rest periods to which they are entitled in violation of the California Labor Code;

f.   Whether Aerotek, through its policy of misclassifying its Recruiters and Recruiter Account Managers, fails to provide class members with the rest periods to which they are entitled in violation of Business and Professions Code § 17200 *et seq.*;

g.   Whether Aerotek's systemic failure to provide members of the Misclassification Class with off-duty meal periods violates the California Labor Code and IWC wage orders;

h.   Whether Aerotek's systemic failure to provide members of the Misclassification Class with off-duty meal periods has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

i.   Whether Aerotek's policy and practice of failing to pay members of the Misclassification Class with all wages due upon the end of their

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

employment violates the California Labor Code;

j.  Whether Aerotek's policy and practice of failing to pay members of the Misclassification Class with all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*; and

k.  The proper formula for calculating restitution, damages and penalties owed to members of the Misclassification Class.

31.    Plaintiff Marques' claims are typical of the claims of all three classes defined above.  Aerotek's common course of conduct in violation of law as alleged herein has caused Plaintiff Marques and members of all three classes to sustain the same or similar injuries and damages.  Plaintiff Marques' claims are thereby representative of and co-extensive with the claims of all three classes defined above.

32.    Plaintiff Delodder's claims are typical of the claims of the members of the Recruiter Trainee Class and Misclassification Class defined above.  Aerotek's common course of conduct in violation of law as alleged herein has caused Plaintiff Delodder and members of the Recruiter Trainee Class and Misclassification Class to sustain the same or similar injuries and damages.  Plaintiff Delodder's claims are thereby representative of and co-extensive with the claims of the Recruiter Trainee Class and the Misclassification Class.

33.    Plaintiffs do not have any conflicts of interest with the members of the classes they seek to represent, and will prosecute this case vigorously on behalf of the classes they seek to represent.  Counsel representing Plaintiffs are competent and experienced in litigating wage and hour class actions.  Plaintiffs will fairly and adequately represent and protect the interests of the classes they seek to represent.

34.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members in each class sought to be certified is not practicable, and questions of law and fact

common to each class predominate over any questions affecting only individual members of each class.  Each class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

35.    Plaintiffs know of no difficulty that would be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### Failure to Compensate for all Hours Worked
(Against All Defendants)

36.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

37.    California Labor Code § 204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

38.    Plaintiffs and the classes defined above were forced by Aerotek to work "off the clock" without compensation for their work performed.  Thus, Plaintiffs and the class members were forced to perform work for the benefit of Aerotek without compensation.

39.    In violation of California state law, Aerotek knowingly and willfully refused to perform its obligations to provide Plaintiffs and the classes they seek to represent with compensation for all time worked as required by California law. Aerotek committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the classes, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiffs and the classes.  Plaintiffs and the classes are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

40.     As a proximate result of the aforementioned violations, Plaintiffs and the classes have been damaged in an amount according to proof at time of trial.

41.     Wherefore, Plaintiffs and the classes request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of Labor Code §§ 510 and 1194 and IWC Wage Orders
(Against All Defendants)

42.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

43.     California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

44.     The IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. § 11040, states:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work.  Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

45.     California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

46.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

47.     Aerotek's policies and practices as set forth above, including: a) intentionally and knowingly requiring its non-exempt Customer Service Associates and Recruiter Trainees to work substantial amounts of time "off-the-clock" and without pay, and failing to provide these non-exempt employees with the meal and rest periods to which they are entitled by law; and b) intentionally and knowingly misclassifying its Recruiters and Recruiter Account Managers as exempt employees and therefore depriving them of overtime wages owed under the law, as well as the meal and rest periods to which they are entitled by law, have been unlawful.

48.     In addition, with respect to the Misclassification Class, at no relevant time were Plaintiffs and the Class members primarily engaged in exempt duties. Neither Paragraph 1 of Wage Order 7-2001 nor any other provision of law has exempted Plaintiffs and the members of the classes they seek to represent from the right to overtime pay.  Aerotek already recognizes that its Customer Service Associates and Recruiter Trainees should be paid overtime.  Aerotek's Recruiters and Recruiter Account Managers do not regularly exercise discretion and

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

1  independent judgment in carrying out their job duties, and have no discretion in

2  making company policy.

3  49.    Plaintiffs and the members of each class defined above have worked

4  overtime hours for Aerotek without being paid overtime premiums in violation of

5  the California Labor Code, IWC wage orders and other applicable law.

6  50.    Aerotek has knowingly and willfully refused to perform its obligations

7  to compensate Plaintiffs and the members of each class defined above for all

8  premium wages for overtime work.  As a proximate result of the aforementioned

9  violations, Defendant has damaged Plaintiffs and the class members in amounts to

10  be determined according to proof at time of trial, but in an amount in excess of the

11  jurisdictional requirements of this Court.

12  51.    Defendants are liable to Plaintiffs and the classes alleged herein for the

13  unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs

14  are entitled to an award of attorneys' fees and costs as set forth below.

15  52.    Wherefore, Plaintiffs and the class members request relief as hereinafter

16  provided.

17  **THIRD CAUSE OF ACTION**
**Failure to Provide Meal and Rest Periods**
18  **in Violation of California Labor Code §§ 226.7 and 512; IWC Wage Orders**
**(Against All Defendants)**
19

20  53.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though

21  fully set forth herein.

22  54.    California Labor Code §§ 226.7 and 512 and the applicable IWC wage

23  orders require Aerotek to provide meal and rest periods to all non-exempt

24  employees, including Aerotek's Customer Service Associates, Recruiter Trainees,

25  Recruiters and Recruiter Account Managers.  Labor Code §§ 226.7 and 512 and the

26  IWC wage orders prohibit employers from employing an employee for more than

27  five hours without a meal period of not less than 30 minutes, and from employing an

28  employee more than ten hours per day without providing the employee with a

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

15
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek  Inc.,*, Case No.: CV08-06044 CAS (AGRx)

second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest periods, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

55.     Under § 226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.   Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

56.     Despite these requirements, Aerotek has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the classes they seek to represent with the meal and rest periods to which they are entitled.  Aerotek's conduct described herein violates California Labor Code §§ 226.7 and 512, and the applicable wage orders.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiffs and the classes are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

57.     Wherefore, Plaintiffs and the class members request relief as hereinafter provided.

### **FOURTH CAUSE OF ACTION**
**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
(Against All Defendants)

58.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

59.     Labor Code § 201 provides:

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

60.    Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

61.    Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

62.    Plaintiffs and class members have left their employment with Aerotek during the statutory period, at which time Aerotek owed them their unpaid wages and overtime wages.  Aerotek willfully refused and continues to refuse to pay all the wages and overtime wages that were due and owing them upon the end of employment.  As a result of Aerotek's actions, Plaintiffs and the class members have suffered and continue to suffer substantial losses, including lost earnings and interest.

63.    Aerotek's willful failure to pay Plaintiffs and the class members the wages due and owing to them constitutes a violation of Labor Code §§ 201-202.  As a result, Aerotek is liable to Plaintiffs and the class members for all penalties owing pursuant to Labor Code §§ 201-203.

64.    In addition, Section 203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs and the class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

65.    Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

66.    Wherefore, Plaintiffs and the class members request relief as hereinafter provided.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek  Inc.,*, Case No.: CV08-06044 CAS (AGRx)

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

## FIFTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§17200, *et seq.*
(Against All Defendants)

67.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

68.    California Business and Professions Code §§ 17200 *et seq.* (also referred to herein as the "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

69.    California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

70.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

71.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Aerotek has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a.   violations of Labor Code §§ 510 and 1194 and IWC wage orders pertaining to overtime;

b.   violations of Labor Code §§ 226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

c.   violations of Labor Code § 227.3 and IWC wage orders pertaining to vacation wages; and

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek Inc.,*, Case No.: CV08-06044 CAS (AGRx)

SCHNEIDER  WALLACE
COTTRELL  BRAYTON
KONECKY LLP

d.   violations of Labor Code §§ 201-203.

72.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

73.     The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.*  Among other things, the acts and practices have taken from Plaintiffs and the class members wages rightfully earned by them, while enabling Aerotek to gain an unfair competitive advantage over law-abiding employers and competitors.

74.     Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Aerotek from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

75.     As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

76.     Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiffs and the class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

77.     Business and Professions Code § 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiffs

SCHNEIDER   WALLACE
COTTRELL   BRAYTON
KONECKY LLP

19
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek  Inc.,*, Case No.: CV08-06044 CAS (AGRx)

and the class members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

78.     Plaintiffs' success in this action will enforce important rights affecting the public interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly situated.  Plaintiffs and the class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

79.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

80.     Wherefore, Plaintiffs and the class members request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.     For damages and restitution according to proof at trial for all unpaid wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2.     For an order certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, as alleged herein, appointing Plaintiffs as Class Representatives, and Plaintiffs' attorneys as Class Counsel;

3.     For a declaratory judgment that Aerotek has violated the California Labor Code and public policy as alleged herein;

4.     For a declaratory judgment that Aerotek has violated Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek  Inc.*,, Case No.: CV08-06044 CAS (AGRx)

5.      For preliminary, permanent and mandatory injunctive relief prohibiting Aerotek, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

6.      For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

7.      For an order awarding Plaintiffs and the class members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and the class members, together with interest on these amounts, according to proof;

8.      For an order awarding Plaintiffs and the class members civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

9.      For an award of reasonable attorneys' fees as provided by California Labor Code §§ 218.5 and 1194; California Code of Civil Procedure § 1021.5; and/or other applicable law;

10.     For all costs of suit; and

11.     For such other and further relief as this Court deems just and proper.


Dated: June 15, 2009                          SCHNEIDER WALLACE
                                              COTTRELL BRAYTON
                                              KONECKY LLP


                                               /s/*Clint J. Brayton*
                                              CLINT J. BRAYTON
                                              Attorneys for the Class

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
*DeLodder, et al. v. Aerotek  Inc.,*, Case No.: CV08-06044 CAS (AGRx)

1

**DEMAND FOR JURY TRIAL**

2

Plaintiffs individually and for the CLASS hereby demand trial by jury.

3

4

Dated: June 15, 2009

SCHNEIDER WALLACE

5

COTTRELL BRAYTON
KONECKY LLP

6

7

8

_/s/Clint J. Brayton_
CLINT J. BRAYTON
Attorneys for the Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER   WALLACE
COTTRELL   BRAYTON
KONECKY LLP

22
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
_DeLodder, et al. v. Aerotek  Inc., et al._, Case No.: CV08-06044 CAS (AGRx)