JOHN S. BATTENFELD, SBN 119513
email: jbattenfeld@morganlewis.com
DONNA MO, SBN 240621
email: dmo@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California  90071-3132
Tel.  213.612.2500
Fax:  213.612.2501

ROBERT J. SMITH, Admitted *pro hac vice*
email: rsmith@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
Phone: 202.739.5065
Fax: 202.739.3001

Attorneys for Defendant
AEROTEK, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DELODDER individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIS GROUP, INC., AEROTEK INC., and DOES I-XX,<br><br>Defendants. | Case No.  CV08-06044 CAS (AGRx)<br><br>**ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**<br><br>Room:  5<br>Judge:  Hon. Christina A. Snyder |

Having reviewed the parties' Stipulation Regarding Confidentiality of Discovery Material (hereinafter "Stipulation"), IT IS HEREBY ORDERED:

1. Designation of Discovery Materials as Confidential.  A party may designate documents, testimony, and information produced during the course of discovery as Confidential Information, as set forth below:

    (a) The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its

1  legibility, the word "CONFIDENTIAL."  One who provides material may
2  designate it as confidential only when such person in good faith believes it contains
3  sensitive personal information, personnel information, trade secrets or other
4  confidential research, development, or commercial information.  Except for
5  documents produced for inspection at the party's facilities, the designation of
6  Confidential Information shall be made prior to, or contemporaneously with, the
7  production or disclosure of that information.  In the event that documents are
8  produced for inspection at the party's facilities, such documents may be produced
9  for inspection before being marked confidential.  Once specific documents have
10 been designated for copying, any documents containing Confidential Information
11 will then be marked confidential after copying but before delivery to the party who
12 inspected and designated the documents.  There will be no waiver of confidentiality
13 by the inspection of confidential documents before they are copied and marked
14 confidential pursuant to this procedure.
15      Documents that have been designated "CONFIDENTIAL" pursuant to the
16 Stipulated Order Regarding Confidentiality of Discovery Material entered by the
17 court in *David Andrade et al., Individually and on Behalf of All Others Similarly*
18 *Situated, as Class Representatives v. Aerotek, Inc.*, United States District Court for
19 the District of Maryland (Northern Division), Case No. 1:08-cv-2668-CCB
20 ("*Andrade* Action"), that are produced or otherwise used in this litigation
21 ("*DeLodder* Action") are also deemed to be designated "CONFIDENTIAL"
22 pursuant to the Stipulation and this Order.  Nothing in the Stipulation and this
23 Order will modify the obligations of the parties to the Stipulated Order Regarding
24 Confidentiality of Discovery Material in the *Andrade* Action and others who are
25 subject to that Stipulated Order, with respect to the use and disclosure of
26 "CONFIDENTIAL" documents and information in the *Andrade* Action.
27      (b)   Portions of depositions of a party's present and former officers,
28 directors, employees, agents, experts, and representatives shall be deemed

confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

       (c)    Information or documents designated as "CONFIDENTIAL" under this Order Regarding Confidentiality Of Discovery Material ("Order") entered pursuant to this Stipulation shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

       (d)    Documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person except to:

       (i)    the Court, including court reporters, stenographic reporters and other court personnel, as well as any mediator selected by the parties;

       (ii)    counsel of record and other counsel for the parties, counsel's employees, contractors and agents who have been actively engaged in the conduct of this litigation, and in-house counsel for Aerotek, Inc. or its parents, subsidiaries or affiliates (including Aerotek Scientific, LLC);

       (iii)    parties to this litigation;

       (iv)    employees of Aerotek, Inc. or its parents, subsidiaries or affiliates (including Aerotek Scientific, LLC), as necessary for the defense of this action;

       (v)    experts or consultants retained by parties or their counsel for the purpose of assisting in the prosecution or defense of this litigation who have first consented in writing, by executing Exhibit A of this Order, to be bound by this Order, including the obligation to not disclose Confidential Information to any person or entity other than those listed in this subparagraph (d);

       (vi)    fact witnesses or potential fact witnesses, as needed in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20970881.4         3

1  preparation and trial of the lawsuit, except that a recipient of Confidential
2  Information may not provide any fact witness or potential fact witness with a copy
3  of the Confidential Information to possess, retain or copy, without the witness
4  having first consented in writing, by executing Exhibit A of this Order, to be bound
5  by this Order, including the obligation to not disclose such Confidential
6  Information to any person or entity other than those listed in this subparagraph (d).
7  The recipient who discloses Confidential Information to any fact witness or
8  potential fact witness, whether or not such witness is permitted to possess, retain, or
9  copy the Confidential Information, shall maintain a list specifically identifying the
10 witness to whom the information was disclosed and the Bates number and/or other
11 means sufficient to identify such information disclosed, except that a list will not
12 need to be maintained to the extent Confidential Information is disclosed on the
13 record during a witness's deposition; and

14             (vii)   any other person as to whom the producing party agrees
15 in writing.

16             (e)    Notwithstanding any other provisions of this Order, it has no
17 effect upon, and its scope shall not extend to, any party's use of its own files or its
18 own Confidential Information.

19             (f)    Except as provided in subparagraph (d) above, counsel for the
20 parties shall keep all documents designated as "CONFIDENTIAL" which are
21 received under this Order secure within their exclusive possession and shall take
22 reasonable efforts to place such documents in a secure area.

23             (f)    All copies, duplicates, extracts, summaries, or descriptions
24 (hereinafter referred to collectively as "copies") of documents or information
25 designated as "CONFIDENTIAL" under this Order or any portion thereof, shall be
26 immediately affixed with the word "CONFIDENTIAL" if that word does not
27 already appear, except for the attorney work product of counsel, which is
28 maintained in a confidential fashion in the ordinary course of business.

2.  Confidential Information Filed with Court.  To the extent that any materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous application pursuant to L.R. 79-5 (hereinafter the "Interim Sealing Application").  The Interim Sealing Application shall be governed by L.R. 79-5.  Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file the Interim Sealing Application; provided, however, that the filing of the Interim Sealing Application shall be wholly without prejudice to the filing party's rights under ¶4 of this Order.

3.  All Confidential Information used at trial shall become public absent a separate Court order upon written motion and sufficient cause shown.

4.  Challenging Designation of Confidentiality.  A designation of confidentiality may be challenged upon motion.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5.  Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate.

6.  Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege.  Further, inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the recipient agrees that, upon written request from the producing party, it shall promptly return all

1  copies of documents and/or electronic media provided containing the privileged
2  information, and make no use of the privileged information, except that if the
3  recipient disputes in good faith that the information is privileged, the recipient shall
4  promptly notify the producing party and may retain on a confidential basis no more
5  than a single copy of the allegedly privileged information for the sole purpose of
6  promptly seeking, through an *in camera* review or other confidential means, a
7  ruling by the Court to determine whether a privilege properly attaches to the
8  information at issue.  If the Court rules that the information is privileged, the
9  information shall be immediately returned to the producing party.

10      7.    In the event that Plaintiff or Defendant or their counsel obtain
11  information from a third party that Plaintiff or Defendant believes in good faith to
12  be confidential, they may designate such information Confidential Information
13  pursuant to this Order and it shall be treated as such in accordance with this Order.

14      8.    Return of Confidential Information at Conclusion of Litigation.  At the
15  conclusion of the litigation, all material treated as confidential under this Order and
16  not received in evidence shall be returned to the originating party (or, in the
17  alternative, such material shall be destroyed, and counsel for the recipient party
18  shall execute and provide to counsel for the originating party one or more affidavits
19  under penalty of perjury attesting to the destruction of such material), with the
20  exception of any attorney work product, which shall be maintained in a confidential
21  file.  The Clerk of the Court may return to counsel for the parties, or destroy, any
22  sealed material at the end of the litigation, including any appeals.
23  //
24  //
25  //
26  //
27  //
28  //

9. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

IT IS SO ORDERED.

Dated: _July 17, 2009

_____
HON. ALICIA G. ROSENBERG
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he has read the Order Regarding Confidentiality Of Discovery Material ("Order") in Ryan DeLodder v. Aerotek, Inc., Civil Action No. CV08-06044 CAS (AGRx), and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him other than in accordance with the Order.

Dated: _____, 200\_\_\_

By: _____

_____
(Type or print name of individual)

Of: _____
     Name of Employer

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

DB2/20970881.4

8