UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044-CAS (AGRx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER, et al. v. AEROTEK, INC. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | | |
|---|---|---|---|
| Marine Pogosyan | n/a | CS 10/20/2009 |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Clint J. Brayton | | Jennifer E. White-Sperling |

**Proceedings:**   (In Chambers)  RE PLAINTIFFS' MOTION TO COMPEL

Case called. Clint J. Brayton, Esq., appeared on behalf of Plaintiffs. Jennifer E. White-Sperling, Esq., appeared on behalf of Defendant. The court hears oral argument. On September 28, 2009, Plaintiffs filed a motion to compel Defendant Aerotek, Inc. to provide further responses to Interrogatory Nos. 1, 7, 16 and 23, and Document Request Nos. 8 and 27. (Dkt. No. 86.) On October 6, 2009, Plaintiffs and Defendant filed supplemental memoranda. (Dkt. Nos. 90-92.)

*Factual Background*

As relevant to the motions at issue, Plaintiffs allege two classes: (1) Recruiter Trainees; and (2) Recruiters and Account Recruiting Managers.[1] (First Amended Complaint (FAC) ¶¶ 1, 25, Dkt. No. 60.) Plaintiffs allege that Aerotek required Recruiter Trainees to work off the clock and without pay, and failed to provide required meal and rest periods. (*Id.* ¶¶ 1, 19.) Plaintiffs further allege that Aerotek misclassified its Recruiters and Account Recruiting Managers as exempt employees. (*Id.* ¶¶ 1, 20.) Plaintiffs allege that Aerotek failed to pay wages due at the end of employment as to all classes. (*Id.* ¶¶ 2, 23.) The relevant time period for all classes is August 14, 2004 through the present. (*Id.* ¶ 25.)

Plaintiff Ryan DeLodder was a non-exempt Recruiter Trainee from March 26, 2007 to July 2, 2007. DeLodder was a Recruiter from July 2, 2007 to April 17, 2008. (Joint Stipulation (JS) at 33.) DeLodder worked at Aerotek's office in San Diego, California. (FAC ¶ 7.)

Plaintiff Ricardo Marques worked as a Recruiter Trainee and Recuiter in Aerotek's office in Northridge, California. (*Id.* ¶ 8.)

Aerotek has approximately 20 non-franchised offices in California. (*Id.* ¶ 3.) During the time period August 14, 2004 to September 10, 2009, Aerotek employed approximately 690 Recruiter

---

[1]  Plaintiffs' First Amended Complaint also alleges a class of Customer Service Associates (FAC ¶ 25), but none of the discovery requests at issue address that class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044-CAS (AGRx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER, et al. v. AEROTEK, INC. | | |

Trainees, 727 Recruiters and 112 Account Recruiting Managers in California. (Responses to Interrogatory Nos. 3- 5, Exh. A to Brayton Decl.)

*Legal Standard*

"Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

"[W]here the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites . . . the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

"In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination." *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

*Individual Discovery Requests*

Interrogatory No. 1 & Document Request No. 8: These discovery requests both seek identification of all employees who have worked as Recruiter Trainees, Recruiters, and Account Recruiting Managers in California during August 14, 2004 through the present. (JS at 8, 9.)

At oral argument, Aerotek stated that it preferred to produce any information ordered by the court in the form of an interrogatory response. Therefore, Plaintiffs' motion to compel production of documents responsive to Document Request No. 8 is denied. The court will address Interrogatory No. 1.

Plaintiffs state that they need the contact information "in order to prove that there is a state-wide pattern and practice of forcing Recruiter Trainees to work off-the-clock and not receive overtime pay." (JS at 15.) Plaintiffs claim that they need contact information for Recruiters and Account Recruiting Managers "in order to prove that there is a state-wide pattern and practice of misclassifying these employees as exempt, failing to pay them overtime, and failing to pay waiting time penalties to those employees who were terminated but did not recover all wages due to them upon termination." (*Id.*)

Aerotek asserts privacy objections as to the information at issue. California recognizes some privacy protection for personal identifying information. *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 372, 53 Cal. Rptr. 3d 513 (2007) (recognizing a reduced privacy interest even as to customers who voluntarily complained and disclosed identifying information to defendant for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044-CAS (AGRx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER, et al. v. AEROTEK, INC. | | |

purposes of obtaining relief). These privacy rights, however, must be balanced against the right of civil litigants to discovery under the governing legal standards. In addition, Plaintiffs state they do not object to a protective order. (Supp. Mem. at 3.) "Protective measures, safeguards, and other alternatives may minimize the privacy intrusion. 'For example, if intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know, privacy concerns are assuaged.'" *Pioneer*, 40 Cal. 4th at 371.

With respect to the Recruiter Trainee potential class, Plaintiffs attach DeLodder's testimony as to his experience in the San Diego office. (Exh. 8 to JS.) Plaintiffs also cite the testimony of Andrade, who worked in Aerotek's Northridge office. (Exh. C at 4 to White-Sperling Decl.) Unlike DeLodder, however, Andrade testified that he was told to record whatever time he worked and that he did so accurately. (Exh. 9 to JS.) The court notes that another named plaintiff, Marques, worked in the Northridge facility but did not submit a declaration. The record before the court contains no evidence that DeLodder's experience extended beyond the San Diego office.[2]

Based on the record currently before the court, Plaintiffs have not shown that discovery is likely to produce substantiation of state-wide class allegations. Based on DeLodder's testimony, this court will order production of information limited to the San Diego facility. *See Martinet v. Spherion Atlantic Enterprises, LLC,* 2008 U.S. Dist. LEXIS 48113, *4 (S.D. Cal. June 23, 2008) (denying pre-class certification discovery as to state-wide employees at different facilities, and limiting discovery to the San Diego County office where plaintiff was employed); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 556 (N.D. Ill. 2008) (limiting discovery to facility at which plaintiffs worked); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 311-13 (D. Colo. 1998) (limiting discovery to facility at which plaintiffs worked). As these cases note, plaintiffs may seek to expand the scope of discovery later if they can satisfy the appropriate legal standards in the future.

On or before November 3, 2009, Aerotek is ordered to identify all employees who worked as Recruiter Trainees at the San Diego, California facility during the period August 14, 2004 through September 10, 2009. The term identify means to provide such employee's full name, and last known home address and telephone number.

On or before October 27, 2009, counsel are ordered to meet and confer as to (1) whether Aerotek will agree to provide information as to each such employee's past and present positions at Aerotek, and the dates such positions were held; and (2) if yes, the date(s) by which Aerotek will provide such information. If counsel cannot resolve this dispute, counsel for Plaintiffs is ordered to contact the Clerk and arrange for a telephonic hearing. No supplemental joint stipulation or briefing is required.

---

[2] At oral argument, Aerotek argued that other person(s) at the San Diego facility testified that they were told to record all time worked and, therefore, Plaintiffs could not make the requisite showing of commonality even at the San Diego facility. The evidence referenced by Aerotek is not in the record before the court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044-CAS (AGRx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER, et al. v. AEROTEK, INC. | | |

Defendant may designate information produced in response to Interrogatory No. 1 pursuant to the protective order entered in this litigation. (Dkt. No. 74.) If counsel for Aerotek believes that the existing protective order provides insufficient protection for the information to be disclosed, then counsel are ordered to meet and confer on this subject on or before October 27, 2009. If counsel cannot resolve this dispute, counsel for Plaintiffs is ordered to contact the Clerk and arrange for a telephonic hearing. No supplemental joint stipulation or briefing is required.

With respect to the Recruiter and Account Recruiting Manager potential class, Aerotek has a statewide policy of classifying its Recruiters and Account Recruiting Managers as exempt. (Exh. 2 at 18 to JS.) Aerotek argues that the duties, responsibilities and requirements of a Recruiter and/or Account Recruiting Manager varies from person to person, even within the same office. (Exh. 6 at 8 to JS; Exh. 6 at 13; JS at 35.)

Plaintiffs do not disclose *any* factual or legal basis for their argument that Recruiters and Account Recruiting Managers were misclassified as exempt. Plaintiffs did not make a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations. Plaintiffs' papers made no such showing, even as to the named Plaintiffs who held positions as Recruiters in the San Diego and Northridge facilities, respectively. The employer's classification alone is not sufficient.

Accordingly, Plaintiffs' motion to compel information responsive to Interrogatory No. 1 as to the Recruiter and Account Recruiter Manager potential class is denied without prejudice at this stage of the proceedings. Plaintiffs may file and serve additional evidence to the court on or before November 3, 2009 to support their request for discovery as to Recruiters and/or Account Recruiting Managers in California or one or more facilities in California. Defendant may file and serve a reply within seven days after Plaintiffs file the additional evidence or November 10, 2009, whichever is earlier. If Plaintiffs' file additional evidence on or before November 3, 2009, the court will issue a further minute order.

The court notes that Plaintiffs will likely obtain information identifying Recruiters and/or Account Recruiting Managers at the San Diego facility in any event to the extent such persons were Recruiter Trainees at the San Diego facility during the period August 14, 2004 through September 10, 2009.

Interrogatory No. 7(iii), (iv), (v): At oral argument, Plaintiffs confirmed that their motion as to subpart (v) is moot. Plaintiffs seek only an adjudication as to whether Plaintiffs' responses to subparts (iii) and (iv) are deficient.

At oral argument, Plaintiffs clarified that subparts (iii) and (iv) sought information as to DeLodder's duties, responsibilities, and requirements, not Recruiters generally in California. However, Aerotek reasonably interpreted Interrogatory 7(iii) and (iv) to refer to the duties, responsibilities and requirements of the Recruiter job title or position. Moreover, Aerotek explained its interpretation in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044-CAS (AGRx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER, et al. v. AEROTEK, INC. | | |

meet and confer letter dated August 14, 2009. In that letter, Aerotek stated that Plaintiffs were willing to limit subpart (iii) to "a general description of the job duties of each position DeLodder held at Aerotek," and subpart (iv) to identification of documents "'in the nature of job descriptions and training materials.'" (Exh. 5 at 3 to JS.) The record does not contain any response by Plaintiffs to this letter.

As amended at the hearing, Interrogatory No. 7(iii) and (iv) call for Aerotek to (iii) describe DeLodder's duties, responsibilities, and requirements as Recruiter Trainee or Recruiter; and (iv) identify any documents that concern the Plaintiff's duties, responsibilities, and requirements as Recruiter Trainee or Recruiter. (*See* JS at 32.) Aerotek states, and Plaintiffs do not dispute, that Aerotek has already produced DeLodder's Team Trak notes, emails, and weekly recruiter notes. (JS at 38.) Further, Aerotek stated at the hearing that DeLodder's supervisor was deposed and testified concerning DeLodder's duties, responsibilities and requirements.

Nevertheless, giving Plaintiffs the benefit of the doubt, Aerotek will be ordered to provide a supplemental response to Interrogatory No. 7(iii) and (iv) as amended at the hearing on or before November 11, 2009. As explained at the hearing, a party may respond to an interrogatory by specifying the records that must be reviewed under the circumstances and in the manner described in Fed. R. Civ. P. 33(d).

Interrogatory No. 16: Aerotek responded to Interrogatory No. 16. Plaintiffs' request for an order requiring Aerotek to withdraw its objections to Interrogatory No. 16 is unnecessary and is denied.

Interrogatory No. 23: This interrogatory asks Aerotek to identify all persons responsible for the development, implementation, modification and supervision of Aerotek's time-keeping policies and practices during the relevant time period as to Recruiter Trainees, Recruiters, and Account Recruiting Managers in California. (JS at 43.)

Aerotek states that "[n]o time recording systems were used for Recruiters or Account Recruiting Managers." (Exh. 2 at 10 to JS; Exh. 6 at 10 to JS.) Aerotek described its time-keeping system for Recruiter Trainees in response to Interrogatory Nos. 6 and 13. (Exh. 2 at 10 to JS; Exh. 6 at 10 to JS; *see also* JS at 46-47.)

At the hearing, Plaintiffs clarified that this interrogatory seek identification of the person(s) who decided that Recruiter Trainees would fill out time sheets. At the hearing, Aerotek agreed that it would attempt to determine who that individual(s) was. Aerotek will be ordered to provide a supplemental response to Interrogatory No. 23 as amended at the hearing on or before November 11, 2009.

Document Request No. 27: This interrogatory seeks all documents concerning any claim for unpaid wages or unpaid overtime compensation by any Recruiter Trainees, Recruiters or Account Recruiting Managers employed by Aerotek anywhere in the United States during the last 10 years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044-CAS (AGRx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER, et al. v. AEROTEK, INC. | | |

To the extent Plaintiffs seek documents as to claims outside California, Plaintiff's motion is denied. With respect to claims from employees in California, Plaintiff's motion is denied as moot because Aerotek has already provided responsive information in response to Interrogatory No. 15. (Exh. 6 at 11-12.)

The sole remaining issue is Plaintiffs' request for all documents in *Johannes v. Aerotek, Inc., et al.*, CV 98-6153 RAP (AJWx). Plaintiffs argue that Aerotek maintains in this litigation that the Recruiter Trainee position, including its non-exempt classification, grew out of the settlement in the *Johannes* case. (*See* Exh. G to White-Sperling Decl.) In their supplemental memorandum and again at the hearing, Plaintiffs narrowed this document request to call for the origin and development of Aerotek's policies and practices of classifying its Recruiters as exempt and Recruiter Trainees as non-exempt.[3] (*See* Supp. Mem. at 4.)

On or before November 3, 2009, counsel are ordered to meet and confer as to Document Request No. 27 as amended in this order. If counsel cannot resolve this dispute, counsel for Plaintiffs is ordered to contact the Clerk and arrange for a telephonic hearing. No supplemental joint stipulation or briefing is required.

*Order*

IT IS HEREBY ORDERED that Plaintiffs' motion to compel is GRANTED IN PART AND DENIED IN PART as follows:

1. Plaintiffs' motions to compel further responses to Interrogatory No. 16 and Document Request No. 8 are DENIED.

2. Plaintiffs' motion to compel further responses to Interrogatory No. 1 is GRANTED IN PART. On or before November 3, 2009, Aerotek is ordered to identify all employees who worked as Recruiter Trainees at the San Diego, California facility during the period August 14, 2004 through September 10, 2009. The term identify means to provide such employee's full name, and last known home address and telephone number.

   On or before October 27, 2009, counsel are ordered to meet and confer as to (1) whether Aerotek will agree to provide information as to each such employee's past and present positions at Aerotek, and the dates such positions were held; and (2) if yes, the date(s) by which Aerotek will provide such information. If counsel cannot resolve this dispute, counsel for Plaintiffs is ordered to contact the Clerk and arrange for a telephonic hearing. No supplemental joint stipulation or briefing is required.

---

[3] Plaintiffs have not identified any other ways in which the *Johannes* documents are relevant to the class certification issues in this case. The *Johannes* documents involved a different time period and, apparently, different policies and practices than those at issue in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044-CAS (AGRx) | Date | October 20, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER, et al. v. AEROTEK, INC. | | |

If counsel for Aerotek believes that the existing protective order provides insufficient protection for the information to be disclosed, then counsel are ordered to meet and confer on this subject on or before October 27, 2009. If counsel cannot resolve this dispute, counsel for Plaintiffs is ordered to contact the Clerk and arrange for a telephonic hearing. No supplemental joint stipulation or briefing is required.

In all other respects, Plaintiffs' motion to compel information responsive to Interrogatory No. 1 is denied without prejudice. Plaintiffs may file and serve additional evidence to the court on or before November 3, 2009 as to Recruiters and/or Account Recruiting Managers in California or one or more facilities in California. Defendant may file and serve a reply within seven days after Plaintiffs file the additional evidence or November 10, 2009, whichever is earlier. If Plaintiffs' file additional evidence on or before November 3, 2009, the court will issue a further minute order.

3. Plaintiff's motion to compel further responses to Interrogatory No. 7(iii) and (iv) is GRANTED IN PART. Aerotek is ordered to provide a supplemental response to Interrogatory No. 7(iii) and (iv) as amended in this order on or before November 11, 2009. In all other respects, Plaintiffs' motion to compel further responses to Interrogatory No. 7 is denied.

4. Plaintiff's motion to compel further responses to Interrogatory No. 23 is GRANTED IN PART. Aerotek is ordered to provide a supplemental response to Interrogatory No. 23 as amended in this order on or before November 11, 2009. In all other respects, Plaintiffs' motion to compel further responses to Interrogatory No. 23 is denied.

5. Plaintiff's motion to compel further responses to Document Request No. 27 is DENIED WITHOUT PREJUDICE at this stage of the proceedings. On or before November 3, 2009, counsel are ordered to meet and confer as to Document Request No. 27 as amended in this order. If counsel cannot resolve this dispute, counsel for Plaintiffs is ordered to contact the Clerk and arrange for a telephonic hearing. No supplemental joint stipulation or briefing is required.

cc: The Parties

| | 1 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | ca | |