UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Clint Brayton | Jennifer White-Sperling |

**Proceedings:** **DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT** (filed 07/06/09)

## I.   INTRODUCTION & BACKGROUND

On August 14, 2008, plaintiff Ryan DeLodder ("DeLodder") filed the instant class action in Los Angeles County Superior Court against defendants Allegis Group, Inc. ("Allegis"); Aerotek, Inc. ("Aerotek"); and Does 1 through 20, alleging claims for (1) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; and (2) unpaid overtime and benefits in violation of Cal. Labor Code §§ 1194 and 1194.2.  These claims arise from DeLodder's former employment as a Recruiter and Recruiter Trainee at Aerotek's San Diego, California office.  On September 16, 2008, defendants Allegis and Aerotek  removed this action to this Court on the basis of the Class Action Fairness Act of 2005, 28 U.S.C. § 1453.

On September 23, 2008, defendants Allegis and Aerotek filed a motion to dismiss Allegis as a defendant and to strike portions of the complaint.  These motions were resolved by stipulation with the parties agreeing to dismiss Allegis without prejudice and to strike plaintiff's request for injunctive relief from the complaint.

On June 15, 2009, the Court granted plaintiff's motion for leave to file a first amended complaint ("FAC") adding (1) Ricardo Marquez ("Marquez"), a former employee of defendant who held the position of Customer Service Associate, as a class representative; (2) an additional class of Aerotek customer service employees; and (3) additional claims for unpaid straight time wages pursuant to California Labor Code § 204, failure to provide meal and rest periods pursuant to California Labor Code §§ 226.7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6044 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

and 512, and waiting time penalties pursuant to California Labor Code § 203.

On July 6, 2009, defendant filed the instant motion to strike portions of the FAC. On October 26, 2009, plaintiffs filed their opposition. Defendant filed its reply on November 2, 2009. A hearing was held on November 9, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III.   DISCUSSION

Defendant seeks an order striking from plaintiffs' FAC all language requesting injunctive relief.[1] Mot. at 1. It contends that plaintiffs, as former employees, lack Article

---

[1] Plaintiffs seek injunctive relief pursuant to their UCL claim. FAC ¶¶ 74, 77, 78. Specifically, in their prayer for relief, plaintiffs request "preliminary, permanent, and mandatory injunctive relief prohibiting Aerotek, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged." FAC at 21, ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

III standing to request injunctive relief because they currently have no type of relationship with Aerotek, and therefore are not personally threatened by its alleged conduct.[2]  Id. at 2-3.  It further contends that plaintiffs cannot show irreparable harm, when all of their alleged claims for monetary relief, including restitution and nonpayment of wages, can be redressed by money damages.  Id. (citing O'Shea v. Littleton, 414 U.S. 488, 502 (1974), for the argument that plaintiff, in seeking an injunction, must show a likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law).  In support of its argument, defendant cites to Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004), in which the Ninth Circuit held that plaintiff did not have standing to pursue injunctive relief under the UCL because planitiff "currently has no contractual relationship with defendants and therefore is not personally threatened by their conduct."  Id. at 2.  Finally, defendant argues that the fact that the FAC is "brought as a class-action claim does not alter the analysis."  Id. at 4 (quoting Milligan v. Am. Airlines, Inc., Case No. 08-55276, 2009 WL 1154213, at * 1 (9th Cir. Apr. 30, 2009) (affirming the grant of summary judgment in favor of defendant employer, as to plaintiff's request for injunctive relief in a wage and hour class action, because she is not a current employee of defendant, and therefore cannot show that she faces a "real or immediate threat of irreparable injury' by defendant's employment practices").

  Plaintiffs respond that they do have standing to seek injunctive relief, and that other courts have held that former employees have standing to represent present employees in a claim for injunctive relief against the employer.  Opp'n at 5 (citing e.g., Wofford v. Safeway Stores, 78 F.R.D. 460, 490 (N.D. Cal. 1978)).  They argue that they have standing to pursue injunctive relief as former employees on behalf of the class.  Id. at 6 (citing Maddock v. KB Homes, Inc., 248 F.R.D. 229, 238 (C.D. Cal 2007) ("Several courts have held . . . that former employees are adequate representatives of current employees in class actions seeking, at least in part, declaratory and/or injunctive

---

  [2] In order to establish standing to assert a claim, a plaintiff must do the following: (1) demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent; (2) establish a causal connection between the injury and the conduct complained of; and (3) show a substantial likelihood that the requested relief will remedy the alleged injury in fact.  See McConnell v. Federal Election Comm'n, 540 U.S. 93, 225-26 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

relief.")).  According to plaintiffs, injunctive relief is particularly important in this case because defendant has allegedly participated in an ongoing multi-year policy and practice of violating labor laws, and "[c]ourts have long understood and acknowledged the reality that current employees often fear retaliation and therefore may be unlikely to bring suit at all." Id. (quoting Rosenburg v. IBM, no. C 06-0430, 2006 WL 1627108, at *10-11 (N.D. Cal. 1978)).  Moreover, plaintiffs contend that striking plaintiffs' request for injunctive relief on behalf of the class at this time is premature.  Id. at 7.  Plaintiffs further contend that "[a]fter class discovery and at the time of a class certification motion, defendant may renew its challenge to the viability of a claim for injunctive relief." Id. at 8 (quoting Jacobs v. Genesco, Inc., Case No. S 08-1666 FCD DAD, 2008 U.S. Dist. LEXIS 79882, at *10-11 (E.D. Cal. Sept. 3, 2008)).  Finally, plaintiffs argue that defendant has not met its burden, under Fed. R. Civ. P. 12(f), that it is prejudiced by plaintiffs' request or that striking the language would streamline the case.  Id.

Defendant replies that the cases cited by plaintiffs are not controlling because they either do not concern constitutional standing and are about whether former employees can serve as class representatives under Fed. R. Civ. P. 23, or misapply the former cases.  Reply at 1, 5-7.  It reiterates that the Ninth Circuit expressly rejects plaintiffs' argument that they have standing to pursue injunctive relief on behalf of the class.  Id. at 3 (citing Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1044 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.  Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question of whether the named plaintiffs are entiteld to the injunctive relief they seek.")  As to plaintiff's argument that the motion is premature, defendant contends that it is not supported by the record.  Id. at 3, 7.  Defendant argues that not only did plaintiffs obtain an extension of time to add new parties, but that they also obtained an extension of the hearing of the instant motion until after that deadline.[3] Id.  Accordingly, defendant argues that plaintiffs' lack of standing will not change in the future and that the case has been pending for well over a year.  Id.

The Court finds that plaintiffs lack standing to seek prospective relief under the

---

[3] Although the present motion was filed on July 6, 2009, defendants agreed to the request by plaintiff's counsel to continue the hearing date to a date after October 15, 2009, the deadline to add parties.  Def.'s Reply, Decl. of John S. Battenfeld ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6044 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | RYAN DELODDER V. AEROTEK, INC., ET AL | | |

UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate "a real or immediate threat of irreparable injury" by defendant's employment practices.  See e.g., Heffelfinger v. Elec. Data Sys. Corp., 2008 U.S. Dist. LEXIS 5296 (C.D. Cal. Jan. 7, 2008) ("Because plaintiffs are no longer employed by EDS, they lack standing to seek prospective injunctive relief under the UCL."); Milligan, 2009 WL 1154213, at *1;  Clark v. City of Lakewood, 259 F.3d 996, 1007 (9th Cir.2001) ("In the context of injunctive relief, plaintiff must demonstrate a real or immediate threat of an irreparable injury.").  Since plaintiffs cannot seek injunctive relief as a matter of law, the Court finds it appropriate to strike from plaintiff's FAC all language request injunctive relief.  See  Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974) (finding that the Court may strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law).

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to strike.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |